# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** | § § § | |
| **PLAINTIFF,** | § § | **CIVIL ACTION NO. _____** |
| **V.** | § § | |
| **MACFARLAN CAPITAL PARTNERS GP, LLC, D. DEAN MACFARLAN, JOHN L. JENKINS,** | § § § § | |
| **DEFENDANTS.** | § § | |

## COMPLAINT

Branch Banking and Trust Company, successor in interest to Colonial Bank by asset acquisition from FDIC as Receiver for Colonial Bank ("Plaintiff"), files this Complaint against MacFarlan Capital Partners GP, LLC ("MCP"), D. Dean MacFarlan and John L. Jenkins (the "Guarantors") (collectively, the "Defendants") as follows:

## PARTIES

1.      Plaintiff is a state-chartered bank, organized and existing under the laws of the state of North Carolina.  Plaintiff maintains its corporate headquarters and principal place of business is located in North Carolina.  For purposes of diversity jurisdiction, Plaintiff is "located" in and is a citizen of North Carolina.

2.      MCP is a Texas limited liability company.  MCP may be served with process by serving its registered agent, D. Dean MacFarlan at 8343 Douglas Ave. Suite 200, Dallas, Texas 75225 or wherever else he may be found.  The citizenship of a limited liability company is determined by the citizenship of its members or managers.  MacFarlan Capital Partners GP, LLC is a member-run

limited liability company, with D. Dean MacFarlan as its sole member.  D. Dean MacFarlan is an individual domiciled in and a citizen of the state of Texas.  Therefore, MCP is a citizen of the state of Texas.

3.      D. Dean MacFarlan ("D. MacFarlan") is individual domiciled in and is a citizen of the state of Texas and may be served with process at 5359 Drane Dr., Dallas, Texas 75209 or wherever else he may be found.

4.      John L. Jenkins ("Jenkins") is individual domiciled in and is a citizen of the state of Texas and may be served with process at 4029 Southwestern Blvd., Dallas, Texas 75225 or wherever else he may be found.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because they are citizens of the State of Texas or because they have systematically and purposefully availed themselves of the benefits and protections of the laws of the State of Texas, such that they could reasonably anticipate being hailed into a Texas court.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy in this action exceeds $75,000 (excluding interest and costs), and complete diversity of citizenship exists between the parties.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred as required by the contracts at issue in this lawsuit.

**FACTUAL ALLEGATIONS**

### *Execution of the Note*

9.      On or about March 21, 2007, MCP — as general partner of MacFarlan Capital Partners, L.P. (the "Borrower") — executed and delivered a promissory note payable to Colonial Bank for the original principal amount of $8,500,000 (the "Note").  A true and correct copy of the Note is attached as Exhibit A and incorporated herein by reference.

10.     On or about December 30, 2007, Colonial Bank and Borrower modified the Note by entering into that certain Loan Modification, Renewal and Extension Agreement.  A true and correct copy of the Loan Modification, Renewal and Extension Agreement is attached hereto as Exhibit B and incorporated herein by reference.

11.     The Note, as modified, required Borrower to make monthly payments of all accrued but unpaid interest beginning on January 21, 2008 and continuing on the same day of each month thereafter until March 21, 2011 when the outstanding principal balance and any and all accrued but unpaid interest would be due and payable.

### *Execution of the Guaranties*

12.     On or about March 21, 2007, for good cause and valuable consideration, the Guarantors each executed a limited guaranty for the purpose of inducing Colonial Bank to make, extend or renew loans, advances, credit or other financial accommodations to or for the benefit of Borrower (the "Guaranties").  True and correct copies of each of the Guaranties are attached hereto as Exhibits C and D and are incorporated herein by reference.

13.     Pursuant to the terms of the Guaranties, the Guarantors absolutely and unconditionally guaranteed and promised to pay Colonial Bank any and all of the indebtedness and liabilities of any kind, including without limitation, principal, interest, and any costs and expenses

incurred by Colonial Bank in connection with the collection of the indebtedness.  In addition, Guarantors waived, among other things, any right to require Colonial Bank to make presentment, protest, demand, or notice of any kind.

### Transfer of the Note and the Guaranties to the Plaintiff

14.     On or about August 14, 2009, the Alabama State Banking Department closed Colonial Bank, and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver. The FDIC entered into a purchase and assumption agreement with Plaintiff.  Pursuant to the purchase and assumption agreement, the Plaintiff acquired certain assets of Colonial Bank including the Note and the Guaranties. Plaintiff is entitled to enforce the Note and the Guaranties.

### Default Under the Note and the Guaranties

15.     The Note matured by its terms on March 21, 2011. The Borrower defaulted under the terms of the Note by failing to pay the outstanding principal balance and any and all accrued but unpaid interest as required at maturity.

16.     On or about May 11, 2011, Plaintiff made presentment and formal written demand to the Borrower that the Borrower should repay the outstanding balance owed to the Plaintiff as evidenced by the Note (the "Demand").  A true and correct copy of the Demand is attached hereto as Exhibit E. The Borrower failed and refused to pay the amount due and owing on the Note and continues to refuse to pay the amount due and owing on the Note or any part of it.

17.     As of May 11, 2011, the Borrower is obligated to pay to Plaintiff the unpaid principal and accrued but unpaid interest in the total amount of $1,027,595.56, with interest continuing to accrue at the *per diem* rate of $127.6357, as well as attorneys' fees and collection expenses.

18.     Plaintiff also notified the Guarantors of the Borrower's failure to pay the amount due and owing on the Note.  Despite Plaintiff notifying the Guarantors of the Borrower's failure and

refusal to pay in accordance with the terms of the Note, the Guarantors have failed to pay the balance due on the Note.

## COUNT I – NOTE ENFORCEMENT

19.     Plaintiff re-alleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

20.     Plaintiff has fully and in all things performed its obligations under the Note by loaning money to Borrower.  Borrower defaulted under the terms of the Note by, among other things, failing to pay as agreed. Accordingly, Plaintiff has been damaged in and is entitled to recover, the aggregate sum of principal due on the Note of $1,027,585.56 plus any accrued unpaid interest, attorneys' fees and expenses.  As general partner, MCP is liable for the obligations of the Borrower.

## COUNT II – GUARANTY ENFORCEMENT

21.     Plaintiff re-alleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

22.     Plaintiff has fully and in all things performed its obligations under the Guaranties by loaning money to the Borrower.  The Borrower defaulted under the terms of the Note by, among other things, failing to pay as agreed.

23.     Despite demand, the Guarantors have failed or refused to honor the Guaranties. The Guarantors have failed or refused to pay the Note and the amounts owed in accordance with the terms of the Guaranties. Accordingly, Plaintiff has been damaged in, and is entitled to recover, the aggregate sum of principal and interest due on the Note of $1,027,585.56 plus any accrued unpaid interest and attorneys' fees and expenses.

## ATTORNEYS' FEES

24.     Plaintiff re-alleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

25.     As a result of the Defendants' conduct, Plaintiff retained the services of Kane Russell Coleman & Logan PC to enforce its rights and to protect its legal interests.  Plaintiff has agreed to pay Kane Russell Coleman & Logan PC reasonable and necessary attorneys' fees.

26.     Pursuant to the terms of the Note and other applicable law, Plaintiff is contractually and statutorily entitled to recover its reasonable and necessary attorneys' fees incurred in prosecuting its claims against the Defendants, for which Plaintiff now sues.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Branch Banking and Trust Company, successor in Interest to Colonial Bank by asset acquisition from FDIC as Receiver for Colonial Bank, requests judgment against Defendants jointly and severally, as follows:

a)     Damages in the amount of $1,027,585.56 under the terms of the MacFarlan Note, plus accrued unpaid interest of $127,635.70 per day;

b)     Reasonable attorneys' fees and expenses;

c)     Prejudgment and post-judgment interest;

d)     Costs of suit; and

e)     All other relief the Court deems appropriate.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:  /s/ Kenneth C. Johnston
    Kenneth C. Johnston
    State Bar No. 00792608
    Julie K. Biermacher
    State Bar No. 24059456

1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas  75201
Telephone:  (214) 777-4200
Facsimile:   (214) 777-4299

**ATTORNEYS FOR PLAINTIFF**
**BRANCH BANKING AND TRUST COMPANY**